POTTER HANDY, LLP
Mark Potter, Esq. SBN 166317
Christina Sosa, Esq. SBN 280048
9845 Erma Road, Suite 300
San Diego, CA 92131
(858) 375-7385
Fax: (888) 422-5191
mark@potterhandy.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTEBAN SANTOS JR.<br>　　Plaintiff,<br><br>v.<br><br>PERFOMANT RECOVERY INC.; and DOES 1 TO 10<br><br>　　Defendants. | Case No. **'14CV1988 BAS BGS**<br><br>Complaint for Damages and Injunctive Relief Pursuant to:<br><br>1) The Fair Debt Collections Practices Act, 15 U.S.C.A. §1692<br>2) The Rosenthal Fair Debt Collection Practices Act, Civ. Code § 1788 et seq.<br><br>Demand For Jury |

Plaintiff Esteban Santos (hereinafter "Plaintiff") hereby complains and alleges as follows:

**I. INTRODUCTION**

1.      This is an action brought by an individual consumer for Defendant PERFORMANT RECOVERY INC. (hereinafter referred to as "Defendant") violations of the Fair Debt Collections Practices Act, 15 U.S.C.A. §1692 ("FDCPA"), which prohibits a debt collector from communicating with a consumer for purposes of collecting any debt if the debt collector knows the consumer is represented by an attorney with respect to such debt, except with the prior consent of the consumer, or

1

Complaint

the express permission of a court of competent jurisdiction, or upon consent of the attorney, or if the attorney fails to respond within a reasonable time period.

2. Defendant has repeatedly communicated with Plaintiff directly for the collection of a debt despite knowing that Plaintiff is represented by an attorney with respect to this debt.

3. This action is also brought by an individual consumer for Defendant's violations of the Rosenthal Fair Debt Collection Practices Act, Civ. Code § 1788 et seq. ("RFDCPA").

4. Defendant has repeatedly communicated with Plaintiff to collect a debt, even though Mr. Santos was plainly represented by counsel.

## II. PARTIES

5. Plaintiff Esteban Santos is a natural person who maintained a residence in El Centro, California at all relevant times.

6. Plaintiff alleges on information and belief that Defendant PERFORMANT RECOVERY INC. is a California corporation. Its corporate headquarters is located at 333 North Canyons Parkway, Suite 100, Livermore California, 94551. Performant Recovery, Inc. provides recovery and receivables collection services. It recovers and collects delinquent corporate and personal state income taxes, consumer and commercial medical receivables, and non-tax receivables.

## III. JURISDICTION & VENUE

7. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and § 1343(a)(3) & (a)(4) for violations of the Fair Debt Collections Practices Act, 15 U.S.C.A. §1692

8. Pursuant to pendant jurisdiction, an attendant and related cause of action, arising from the same nucleus of operative facts and arising out of the same transactions, is also brought under California's Rosenthal Fair Debt Collection

Complaint

Practices Act, Civ. Code § 1788 et seq.

9.     Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is founded on the fact that a substantial part of the events or omissions giving rise to the claim occurred in this district and that Plaintiffs' cause of action arose in this district.

### IV. FAIR DEBT COLLECTIONS PRACTICES ACT, 15 U.S.C.A. §1692

10.    Congress enacted the Fair Debt Collections Practices Act, "FDCPA," in response to abundant evidence of debt collector abuse, deception, and unfair practices when attempting to collect debts.

11.    The FDCPA seeks to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

12.    The FDCPA is a strict liability statute, subsection (a), and applies to the conduct of debt collectors, as defined at 15 U.S.C.A. §1692a(6).

13.    Under the FDCPA, 15 U.S.C.A. §1692c(a)(2), a debt collector is prohibited from communicating with a consumer for purposes of collecting any debt if the debt collector knows the consumer is represented by an attorney with respect to such debt, except with the prior consent of the consumer, or the express permission of a court of competent jurisdiction, or upon consent of the attorney, or if the attorney fails to respond within a reasonable time period.

### V. ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CIV. CODE § 1788 ET SEQ.

14.    The Rosenthal Fair Debt Collection Practices Act, "RFDCPA," was enacted in 1977 to prohibit debt collectors from engaging in unfair or deceptive acts or practices in collecting consumer debts.

Complaint

15. Under the RFDCPA, a debt collector is any person who, in the ordinary course of business, regularly, on behalf of itself or others, engages in debt collection.

16. The RFDCPA, under California Civil Code §1788.14(c), bars any debt collector from collecting any consumer debt by initiating communications, other than statements of account, with the debtor with regard to consumer debt, when the debt collector has been previously notified in writing by the debtor's attorney that the debtor is represented by such attorney with respect to the consumer debt and such notice includes the attorney's name and address and a request by such attorney that all communications regarding the consumer debt be addressed to such attorney, unless the attorney fails to answer correspondence, return telephone calls, or discuss the obligation in question. Additionally, the RFDCPA, under Civil Code §1788.17, makes any violation of the federal Fair Debt Collection Practices Act a violation of the state statute.

## VI. FACTS

17. Plaintiff Esteban Santos is a natural person and a consumer within the meaning of 15 U.S.C.A. § 1692a(3).

18. On or about July 10, 2012, Mr. Santos received a letter from Medicare Secondary Payer Recovery Contractor (hereinafter "MSPRC") informing him that he owed a debt of $17,107.89.

19. The debt MSPRC was attempting to collect arose out of the medical bills for an injury Mr. Santos suffered on or about December 12, 2009.

20. On or about December 12, 2009, Mr. Santos, a C-45 complete paraplegic who requires a wheelchair for mobility, suffered minor injuries when he encountered an inaccessible bathroom in a restaurant he was dining at. He fell, hit his head, and was transported to the emergency room for treatment.

Complaint

21. Mr. Santos is a Medicare recipient, and his treatment for the December 12, 2009 injury was partially paid for by Medicare.

22. Subsequently, Mr. Santos filed a lawsuit for violations of the American with Disabilities Act, naming the restaurant he was dining at as the defendant. The matter ultimately settled for $25,000.

23. Under the Social Security Act, 42 U.S.C. §1395y(b), Medicare is designated as a mandatory secondary payer. These provisions prohibit Medicare from making payment if payment has been made or can reasonably be expected to be made by the primary plans. If payment has not been made or cannot be expected to be made promptly, Medicare may make a conditional payment. Conditional payments are made subject to repayment when the primary plan makes payment. The law has been interpreted and amended to essentially require reimbursement to Medicare out of a lawsuit settlement amount that includes recovery for medical bills. It is under this theory that MSPRC was attempting to collect money from Mr. Santos.

24. The debt at issue is essentially a medical expense, and as such is a debt arising out of a transaction entered primarily for personal, family, or household purposes under 15 U.S.C. §1692a(5).

25. In response to the July 10, 2012 collection letter sent by MSPRC, law firm Potter Handy LLP sent both an Appeal Letter and a Waiver Letter to MSPRC Liability department on September 6, 2012. The Appeal Letter asserted that the amount sought by MSPRC was inaccurate because it sought reimbursement for medical bills not directly associated with the December 12, 2009 injury. The Waiver Letter sought forgiveness from the debt entirely based on hardship.

26. MSPRC claimed to have never received the Appeal Letter or the Waiver Letter, and it sent another collection letter, this time seeking $17,883.09, directly to Mr. Santos on December 13, 2012.

///
///

Complaint

27. On January 28, 2013, Potter Handy LLP sent a second letter to MSPRC, with the original Appeal Letter and Waiver Letter attached. These letters were sent both via facsimile and via the U.S. Postal Service.

28. On February 15, 2013, all three letters were once again faxed to MSPRC.

29. On or about March 8, 2013, Mr. Santos received a letter from the U.S. Department of Treasury, now seeking to collect $18,274.69.

30. On or about April 23, 2013, Mr. Santos received a letter from CBE Group, seeking to collect $18,493.77.

31. On May 13, 2013, Potter Handy LLP sent another letter via facsimile and U.S. mail to both MSPRC and CBE Group. On behalf of Mr. Santos, Attorney Christina Sosa once again sought formal reply to the Appeal Letter and Waiver Letter.

32. In the May 13, 2013 letter, Attorney Sosa clearly stated that all further attempts to communicate regarding this debt should be directed to her at the provided mailing address.

33. On May 21, 2013, MSPRC sent a letter in regards to Mr. Santos' case directly to Potter Handy LLP, as requested.

34. On June 3, 2013, Potter Handy LLP sent a letter and multiple attachments to MSPRC, both the national and regional offices of the Center for Medicare and Medicaid Services, and the US Department of Treasury by both US Mail and facsimile in an attempt to get a response to the Appeal Letter and Waiver Letter.

35. In the June 3, 2013 letter, Attorney Christina Sosa once again requested that all communications regarding the debt be directed to her.

36. On June 17, 2013, MSPRC sent a letter in regards to Mr. Santos' case directly to Potter Handy LLP seeking a Proof of Representation.

37. On July 18, 2013, Potter Handy LLP sent another letter demanding a response to the Appeal Letter and Waiver Letter, as well as Proof of Representation, via U.S. Mail and facsimile to MSPRC, the U.S. Department of Treasury, the regional and national Centers for Medicare and Medicaid Services, and the CBE

Complaint

Group. In this letter, Attorney Christina Sosa once again requested that all communications regarding this debt be directed to her.

38. Attached as Exhibit 1 is the July 18, 2013 letter and Proof Representation.

39. On July 30, 2013, MSPRC sent a letter directed to Ms. Sosa. The letter explained that Mr. Santos' Request for Waiver had been denied, and that Mr. Santos now owed $3,153.10. Presumably the decrease in amount sought was in response to the Appeal Letter, although this was not explicitly stated.

40. On October 3, 2013, Potter Handy LLP Mr. Santos sent a letter and a declaration via U.S. Mail and facsimile in an attempt to appeal the denial of his waiver request to MSPRC.

41. On November 25, 2013, MSPRC sent a letter to Attorney "Christy Sosa" at Potter Handy LLP indicating the matter had been handed over to the Department of Treasury.

42. Attorney Sosa never received a response to Mr. Santos' Appeal of the Denial of Waiver.

43. Neither Potter Handy LLP nor Mr. Santos received any correspondence from the U.S. Department of Treasury after July 30, 2013.

44. On January 28, 2014, Mr. Santos received a letter from Defendant attempting to collect $3,314.13.

45. The January 28, 2014 letter indicated that Defendant was acting on behalf of the U.S. Department of Treasury, and the original creditor was the Department of Health and Human Services.

46. On February 2, 2014, Mr. Santos received a letter from Defendant attempting to collect $3,314.13.

47. The February 2, 2014 letter indicated that Defendant was acting on behalf of the U.S. Department of Treasury, and the original creditor was the Department of Health and Human Services.

Complaint

48. Between September 6, 2012 and October 3, 2013, Potter Handy LLP sent at least seven (7) correspondences to MSPRC and their successors in interest on behalf of Mr. Santos.

49. On at least three occasions Attorney Christina Sosa demanded in writing that all communications regarding this debt be directed to her.

50. A signed Proof of Representation was sent to all of Defendant's predecessors in interest.

51. Defendant knew or should have known that Mr. Santos was represented by an attorney in regard to this debt.

52. Defendant made no attempt to contact Potter Handy LLP or Attorney Christina Sosa prior to contacting Mr. Santos directly in an attempt to collect a debt.

53. On information and belief, Mr. Santos alleges that Defendant is not original creditor of the debt it sought to collect, and Defendant is not a government agency or department.

54. On information and belief, Mr. Santos alleges that Defendant is debt collector within the meaning of 15 U.S.C. §1692a(6).

## VII. CAUSES OF ACTION
### FIRST COUNT
### VIOLATION OF THE FAIR DEBT COLLECTIONS PRACTICES ACT, 15 U.S.C.A. §1692

55. Plaintiff re-alleges and incorporates by reference the above paragraphs as though set forth fully herein.

56. Defendant's violations of the FDCPA include, but are not limited to, the following:

   a. Defendant violated 15 U.S.C.A. §1692c(a)(2), by communicating with Plaintiff for purposes of collecting a debt despite knowing the Plaintiff is represented by an attorney

Complaint

57. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to an award of actual damages, statutory damages, costs, injunctive relief, and attorney's fees.

## SECOND COUNT

## VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTIONS PRACTICES ACT, CIV. CODE § 1788 ET SEQ.

58. Plaintiff re-alleges and incorporates by reference the above paragraphs as though set forth fully herein.

59. Defendant's violations of the RFDCPA include, but are not limited to, California Civil Code §1788.14(c) by initiating communications with Plaintiff for the collection of a consumer debt, when it has been previously notified in writing by Plaintiff's attorney that the Plaintiff is represented by such attorney with respect to the consumer debt and it knew how to get in touch with Plaintiff's attorney.

60. As a result of Defendant's violations of the RFDCPA, Plaintiff is entitled to an award of actual damages, statutory damages, costs, injunctive relief, and attorney's fees.

## VII. PRAYERS FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendants for the following:

1. Actual and statutory damages and reasonable attorney's fees and costs pursuant to 15 U.S.C.A. § 1692k.
2. Actual damages according to proof, statutory damages under Civil Code §1788.30(b), and reasonable attorney's fees under Civil Code §1788.30(c).
3. Non-economic damages, including emotional distress, and punitive damages according to proof.

Complaint

4. Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.

5. Any other relief the Court may deem just and proper.

Dated: August 12, 2014                             POTTER HANDY, LLP

By: _____
Christina Sosa, Esq.
Attorneys for Plaintiff

DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury for all claims for which a jury is permitted.

Dated: August 12, 2014                             POTTER HANDY, LLP

By: _____
Christina Sosa, Esq.
Attorneys for Plaintiff

Complaint